# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13-cv-167-FDW

| | |
|---|---|
| EUGENE TATE HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| KIERAN J. SHANAHAN, Sec. ) | |
| N.C. Dept. of Public Safety, ) | |
| ) | |
| Respondents. ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion for summary judgment on the claims presented by Petitioner in his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion for summary judgment will granted and Petitioner's Section 2254 petition will be denied and dismissed.

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was indicted on July 6, 2009, on one count of robbery with a dangerous weapon by a grand jury in Buncombe County, North Carolina. Petitioner was represented by counsel and later tried before a jury and convicted on September 29, 2009. The superior court found that based on Petitioner's prior criminal record he qualified as a Level IV, and he sentenced Petitioner to a term of 117 to 150 months' imprisonment and Petitioner appealed the judgment. The North Carolina Court of Appeals summarized the trial evidence as follows:

1

Kevin Cole (Mr. Cole) and his cousin drove up to an automated teller machine (the ATM) in Asheville, North Carolina, on 13 May 2000, around 10:40 p.m. As Mr. Cole was withdrawing money from the ATM, a man approached his vehicle, grabbed Mr. Cole's arm, and told Mr. Cole to hand over the money. Mr. Cole did not recognize the man. As the money came out of the ATM, the man grabbed the money and ran. Mr. Cole put his vehicle in "drive" and attempted to follow the man. While looking for the man, Mr. Cole saw a pickup truck (the truck) in a nearby parking lot. Mr. Cole asked the driver of the truck if he had seen anyone, and the driver said he had not. Mr. Cole and his cousin continued to search for the man, and they again saw the truck. Mr. Cole's cousin noted the license plate number on the truck and Mr. Cole called the police. Detective Kevin Taylor (Detective Taylor) of the Asheville Police Department responded.

Mr. Cole testified that he sustained a "bleeding laceration on [his] left wrist" as a result of the robbery, and the State entered into evidence a photograph of Mr. Cole's arm that depicted his injury. The State also offered into evidence a statement that Mr. Cole wrote and gave to police after the robbery. The trial court admitted Mr. Cole's statement to both corroborate Mr. Cole's testimony and to refresh Mr. Cole's recollection. Mr. Cole read his statement into evidence. In his statement, Mr. Cole said that a "man came beside the driver's side window [of his car] and pointed his hand with an object in it and told me to drive off. I grabbed his hand and looked at his face. . . . [T]he [man] grab[bed] [the money] and . . . ran away[.]" Mr. Cole further wrote that he "left the parking lot to pursue [the man] and . . . saw a . . . truck sitting in the parking lot across the street[.]" Mr. Cole "drove up to the side of the [truck] and asked the driver if he saw the [man], . . . – and I asked [the driver] to stay until APD arrived. [The driver] said 'I have an appointment.' I got [the truck's] license plate number[.]" Mr. Cole also said that "[t]he man in the [truck] returned and said he didn't see the guy, and I once again told him to stay until APD arrived. . . . He left."

Robert Jones (Mr. Jones) testified concerning a robbery that occurred earlier in the evening of 13 May 2000. Defendant objected to Mr. Jones' testimony, arguing that it was prejudicial because the charges regarding that robbery were dismissed, and that it was Rule "403(b)" evidence and Defendant had not been given proper notice of the State's intention to present the testimony. The trial court overruled Defendant's objection.

> Mr. Jones testified that he drove up to an ATM in Asheville on 13 May 2000, around 6:00 p.m. As Mr. Jones waited for the ATM to emit his money, a man approached, held a knife to Mr. Jones' neck and demanded his wallet. Mr. Jones was "able to push [the man's] arm up and let [his] car roll forward fifteen or twenty feet." Mr. Jones saw the unidentified man take the money from the ATM and enter the passenger side of "an '80's model GMC" two-tone pickup truck. Mr. Jones gave chase but eventually lost sight of the pickup truck.
>
> Detective Taylor testified that he had investigated the robbery reported by Mr. Jones. Detective Taylor testified that Mr. Jones told him that the suspect "jumped in the passenger's side of a two-toned, white-and-purple GMC pick-up[,]" which was driven by a white male. Detective Taylor also testified regarding a statement that Mr. Cole made on the night of 13 May 2000, after reporting his robbery to police. Detective Taylor testified that Mr. Cole stated that the driver of the truck had initially responded "yes" when asked if he had seen "anybody fleeing." The truck later returned to the area, and the driver told Mr. Cole that he had not, in fact, seen anyone. Mr. Cole asked the driver to wait for police to arrive, but the driver left, saying that he had "an appointment."
>
> Detective Taylor took a description of the truck and relayed the description and license plate number to other officers. Asheville Police Officer Darryl McCurry (Officer McCurry) saw a pickup truck matching the description and stopped the truck to speak with the driver. When Officer McCurry stopped the truck, it was being driven by Defendant. The license plate on the truck was not assigned to that vehicle, but belonged to a van owned by David and Nancy Webb. Further investigation showed that the truck was also owned by the Webbs, but the license plate was affixed to the wrong vehicle. Detective Taylor suspected David Webb as being the man who had committed both robberies, while Defendant participated as the driver of the truck. Defendant was arrested by Officer McCurry for outstanding arrest warrants from Charlotte.

State v. Hill, 706 S.E.2d 799, 803 (N.C. Ct. App. 2011).

On appeal, Petitioner raised claims challenging the trial court's denial of his motion to dismiss the charge of robbery with a dangerous weapon due to insufficient

3

evidence and two evidentiary claims. The majority of the court each claim and in a 2-1 published decision, Petitioner's judgment was affirmed.

Petitioner appealed the decision to the Supreme Court of North Carolina as a matter of right based on the dissenting opinion which concluded that the State had failed to present sufficient evidence of robbery with a dangerous weapon and contended that the conviction should be reversed and the case remanded for a new trial on common law robbery. See N.C. Gen. Stat. § 7A-30. On October 7, 2011, the Supreme Court affirmed the majority opinion issued by the court of appeals in a unanimous decision. State v. Hill, 715 S.E.2d 841 (N.C. 2011).

Petitioner next applied for relief from his judgment by filing a pro se motion for appropriate relief (MAR) in the Buncombe County Superior Court on June 20, 2012, which he signed under penalty of perjury. Petitioner raised two claims that are relevant to the instant proceedings. First, Petitioner argued that the superior court erred in enhancing his sentence based on convictions which were sustained after the date the crime of robbery with a dangerous weapon was committed. Specifically, Petitioner contended that it was unfair to rely on convictions that were incurred after the date of the robbery because it subjected him to a greater punishment than he would have received had he been sentenced on the robbery conviction before the latter convictions were incurred. Second, Petitioner stated that he had discovered new evidence (witness testimony or documents) since the date of his conviction which had a direct and material bearing upon his guilt or innocence.[1]

---

[1] The standard MAR form directs the petitioner to attach an affidavit from the witness or a copy of the documentary evidence. However, from the record before this Court, it appears that Petitioner failed to do so.

The MAR came on for hearing before the superior court on August 3, 2012, and the court found no merit in Petitioner's argument regarding the sentencing court's use of the convictions sustained after the robbery with a dangerous weapon was committed. See (1:13-cv-167, Doc. No. 5-10: MAR, filed Aug. 9, 2012). On December 11, 2012, Petitioner filed a petition for a writ of certiorari with the North Carolina Court of Appeals.

Petitioner renewed his argument that the trial court erred in relying on convictions that were final after the crime of robbery with a dangerous weapon occurred but before he was tried, convicted and sentenced on the robbery charge. Petitioner asserted that the use of the prior convictions was unauthorized under North Carolina's Structured Sentencing Act (SSA). Petitioner moved the court of appeals to vacate his conviction and order that he be resentenced at a Level I, rather than the Level IV as found by the trial court. (Id., Doc. No. 5-11: Cert. Petition). The State responded and opposed Petitioner's claim for relief by noting that the SSA expressly provides that a defendant's prior record level is determined by including convictions that were incurred prior to the date the judgment is entered, in this case, Petitioner's judgment on his conviction and sentence for robbery with a dangerous weapon. See (Id., Doc. 5-12: State's Response).[2] On December 19, 2012, the court of appeals denied his petition. (Id., Doc. No. 5-13: Order).

In Petitioner's federal habeas petition, he raises four grounds for relief, three of which are interrelated. In response to Respondent's motion for summary judgment, this Court entered a notice to Petitioner pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th

---

[2] It appears that the copy of the State's Response that was filed in this Court is missing page 4, however the full petition may be accessed at the North Carolina Court of Appeals Electronic Filing Site.

Cir. 1975), and Petitioner has filed his response. Accordingly, this matter is ready for resolution and Petitioner's arguments will be addressed in turn below.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the requirements set forth in 28 U.S.C. § 2254, which provides in relevant part, that an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered adjudicated on the merits when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 n.2 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court's adjudication is contrary to clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

### III. DISCUSSION

#### A. Ground for Relief (1)

In this ground for relief, Petitioner argues that the State denied him due process by not proceeding to indict him in a timely fashion. (1:13-cv-167, Doc. No. 1 at 5). Petitioner did not raise this issue on direct appeal although Petitioner was surely aware that the grand jury found that the robbery with a dangerous weapon occurred in May 2000, and he was not tried until September 2009. Petitioner also argues that the delay in prosecution denied him due process because witnesses he might have needed to assist in his defense were no longer available at the

7

time of trial. Petitioner did not raise this issue on direct appeal either nor did Petitioner fairly present this claim in his MAR. As addressed above, Petitioner filed a sworn MAR in Buncombe County Superior Court and simply checked a box on the form that declared that he had new evidence which could bear on his guilt or innocence. Yet, Petitioner failed to attach the new evidence, whether a statement from a witness or a document, to his petition as required. (Id., Doc. No. 5-9: MAR at 3). In his § 2254 petition, the Petitioner blankly states that the witnesses he would have needed to assist in his defense of the charges were not available after this nine-year delay. (Id., Doc. No. at 5). However, Petitioner fails to identify one witness that he may have called to assist in his defense, neither during a prosecution in 2000 nor in the prosecution where he was convicted in 2009.

It is Petitioner's burden to demonstrate that the State's action or omission in this case, violates his right to due process. "Due process is not violated simply because the defendant is indicted after a substantial [ ] delay." United States v. Stinson, 594 F.2d 982, 984 (4th Cir. 1979) (citing United States v. Lovasco, 431 U.S. 783, 786 (1977). The Fourth Circuit applies a two-part test to determine whether pre-indictment delay may support relief. First, the burden is on the defendant to demonstrate actual prejudice. Second, the defendant must demonstrate that "he was meaningfully impaired in his ability to defend . . . to such an extent that the disposition of the criminal proceeding was likely affected." Jones v. Angelone, 94 F.3d 900, 907 (4th Cir. 1996).

First, Petitioner's claim that his due process rights were violated because phantom witnesses could not be present for his 2009 trial is conclusory, without evidentiary support and should be denied. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogated on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

8

Petitioner's claims should be denied for a second reason. As noted, Plaintiff surely could have raised this issue of delay on direct appeal but he did not and he offers no reason to explain this failure. The Respondent asserts the affirmative defense of procedural bar, which if granted, could preclude relief on federal habeas review. See (Id., Doc. No. 5 at 6).

North Carolina post-conviction law provides that claims not raised in a prior appeal or through a proper post-conviction proceeding shall be denied if a petitioner was in an adequate position to raise the claim in a prior proceeding but failed to do so. See N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3). In addition, North Carolina post-conviction law provides that even though a claim may appear precluded by the foregoing provisions, a petitioner may surmount this estimable bar if he can demonstrate good cause to excuse his failure to present the claim and can make a showing of actual prejudice, or that the failure to consider the claim would result in a fundamental miscarriage of justice. Id. § 15A-1419(b)(1), (b)(2).

In his response to Respondent's motion for summary judgment, Petitioner moves this Court for "one full round of habeas review" because his right to due process has been "flagrantly violated" for, among reasons, one or more unknown witnesses were not available for his 2009 trial. (Id., Doc. No. 7 at 2). Again, Petitioner identifies no witness that he may have presented had he been indicted and tried in 2000 or anytime thereafter. Thus, the presence of an unidentified witness cannot serve to excuse Petitioner's failure to bring his due process claim to the attention of the North Carolina Court of Appeals, or the state MAR court, under any of the above-discussed provisions of § 15A-1419. Moreover, nowhere in the record before this Court does Petitioner make a credible claim of actual innocence. See Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (noting that North Carolina's post-conviction procedural bar is mandatory on

9

state petitioners following the amendment by the North Carolina General Assembly). Accordingly, this claim for relief will be denied.

B. Ground for Relief (2)

Petitioner argues that the trial court erred in assessing prior record level points for convictions which he incurred after the date of the robbery with a dangerous weapon but before his sentencing on the robbery conviction and entry of judgment. It appears that Petitioner argues in his second ground for relief that in utilizing these prior convictions to establish his prior criminal history the state court failed to follow North Carolina law, namely, the provisions of the SSA.

As the Respondent notes, the SSA specifically provides that a "person has a prior conviction when, on the date a criminal judgment is entered, the person being sentenced has previously been convicted of a crime[.]" N.C. Gen. Stat. § 15A-1340.11(7). Petitioner raised this claim for the first time before the MAR court and the court rejected his claim, and his petition to the court of appeals to review this finding was denied. This operates as an adjudication on the merits and Petitioner cannot satisfy either provision of § 2254(d) to demonstrate that he is entitled to federal habeas relief because the state court determination does not run afoul any relevant Federal law as determined by the Supreme Court, and the state court did not err in following governing state law in calculating his sentence.

Petitioner has presented this Court with no authority to show that the use of his prior state convictions has violated his federally protected rights. For the reasons stated, the Court finds that this claim should be denied.

C.  Third Ground for Relief

This claim for relief delves into principles of statutory construction by observing that when a statute is clear and unambiguous then a court must apply the law as written. (Id. at 8). On March 20, 2013, Petitioner filed a petition for a discretionary review with the Supreme Court of North Carolina, again challenging the use of his convictions that were sustained before he was sentenced on his conviction for robbery with a dangerous weapon. On April 11, 2013, the Supreme Court dismissed his petition. (Id., Doc. No. 1 at 26). For the reasons previously stated, this claim will be denied.

D.  Fourth Ground for Relief

In his final claim, Petitioner argues that his 5th Amendment right to due process was violated by, again, the use of the convictions incurred after the robbery with a dangerous weapon and before his conviction and sentence on that charge. Petitioner's theme is the same: his punishment was increased based on convictions that occurred after the robbery with a dangerous weapon was committed. As noted, under the SSA, a prior conviction is plainly defined as any conviction that was obtained prior to the date the person is being sentenced and the criminal judgment is entered. This claim will be denied based on the foregoing reasons.

Finally, Petitioner has filed a motion to appoint counsel. The Court observes that there is no constitutional right to counsel in collateral proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas proceeding if it finds that "that the interests of justice so require." The Court has examined Petitioner's habeas petition and the full record in this matter and finds he has presented no meritorious claims for relief. The motion for counsel will therefore be denied. (Doc. No. 8).

11

## IV. CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**. (Doc. No. 4).

2. Petitioner's Motion for Appointment of Counsel is **DENIED**. (Doc. No. 8).

3. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** and **DISMISSED**. (Doc. No. 1).

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: February 5, 2014

Frank D. Whitney
Chief United States District Judge